UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN WISCHNEWSKY AND SOLOMON GUEVARA, both individually and on behalf of all other similarly situated persons,** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-2277** |
| **COASTAL GULF & INTERNATIONAL, INC. and MICHAEL CARAVELLA** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is Defendants Coastal Gulf & International, Inc. and Michael Caravella's (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for More Definite Statement,[1] wherein they move for dismissal of the complaint filed by Benjamin Wischnewsky and Solomon Guevara, both individually and on behalf of all other similarly situated persons (collectively, "Plaintiffs"), for failure to state a claim for which relief may be granted or, alternatively, for an order requiring Plaintiffs to provide a more definite statement of the claims, pursuant to Federal Rule of Civil procedure 12(e).  Having considered the motion, the memorandum in support, the response, the amended complaint, the record, and the applicable law, the Court will deny the motion to dismiss and decline to require Plaintiffs provide a more definite statement.

## I.  Background

*A. Factual Background*

This case involves a claim for unpaid overtime wages and damages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").  Plaintiffs allege that Defendants "have employed

---

[1] Rec. Doc. 17.

1

individuals in locations in Louisiana, Mississippi, and Texas to perform field inspections to certify oil, gas and chemical products," over the past three years.[2] According to Plaintiffs, these individuals are referred to as both "inspectors" and "surveyors," but regardless of the job title, they are responsible for monitoring and documenting the condition and transfer of oil, gas and chemical products in the course of commerce.[3] The named plaintiffs, Benjamin Wischnewsky and Solomon Guevara, allege that they were given written employment offers indicating that they were being hired as non-exempt workers and were given a copy of CGI's Personnel Guidelines, stating that CGI "pays all hourly and non-exempt employees one and one-half times their regular hourly rate of pay for each hour actually worked in excess of forty (40) hours per workweek," but they were "specifically told at the time they were hired that Defendants did not pay overtime to Inspectors."[4] Defendants allegedly required Wischnewsky and Guevara to regularly work in excess of forty hours per week without overtime pay as a matter of company practice or policy.[5]

### B. *Procedural Background*

Plaintiffs commenced this putative collective action against Defendants on September 14, 2012, seeking overtime compensation, liquidated damages, attorney's fees, and costs associated with the litigation under the FLSA, 29 U.S.C. § 201, *et seq*.[6] On October 26, 2012, Defendants filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for More Definite

---

[2] Rec. Doc. 19 ¶¶ 22-23.

[3] *Id.* ¶ 23.

[4] *Id.* ¶¶ 24-34.

[5] *Id.* ¶¶ 30-32.

[6] Rec. Doc. 1.

Statement.[7] On November 9, 2012, Plaintiffs filed a First Amended Complaint,[8] and simultaneously filed an Opposition to the Motion to Dismiss.[9]

## II.  Parties' Arguments

### A.  *Defendants' Motion to Dismiss*

Defendants argue that Plaintiffs' complaint does not satisfy the minimal pleading standards under Federal Rule of Civil Procedure 8 and must be dismissed for failure to state a claim for which relief can be granted.  First, Defendants contend that "Plaintiffs have failed to sufficiently allege or provided factual support for their claim that Mr. Caravella was an employer" or a "joint employer" of Plaintiff under the FLSA.[10]  Defendants specifically note that Plaintiffs do not allege that "Mr. Caravella (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, or (4) maintained employment records."[11]

Second, Defendants contend that Plaintiffs do not allege their individual FLSA claims with sufficient particularity, including the approximate number of unpaid regular and overtime hours allegedly worked, their rate of pay, or their method of compensation.[12]  Instead, Defendants assert that "Plaintiff's complaint is a formulaic recitation of the elements of the cause of action."[13]

---

[7] Rec. Doc. 17.

[8] Rec. Doc. 19.

[9] Rec. Doc. 20.

[10] Rec. Doc. 17-1 at p. 2.

[11] *Id.* at p. 7.

[12] *Id.* at p. 2.

[13] *Id.* at p. 9 (internal quotations omitted).

Third, Defendants reason that "Plaintiffs' allegations of willfulness are insufficient to state a plausible claim for relief for a willful violation of the FLSA."[14] Defendants explain that Plaintiffs "rely solely on a single conclusory allegation [that] 'Defendants' failure to pay Plaintiffs the proper wages and its failure to pay wages in a timely fashion as required by law was willful."[15]

Fourth, Defendants argue that Plaintiffs do not meet the minimum pleading requirements necessary to maintain a collective action claim under 29 U.S.C. § 216(b), with respect to all employees whose "'primary job duty' is to perform field inspections."[16] Defendants contend that Plaintiffs have failed to allege that they are similarly situated to the other employees they seek to represented, because:

> (1) neither Plaintiff alleges to have ever held any position with CGI and/or Mr. Caravella other than "Inspector;" (2) Plaintiffs have not provided the job titles of any employees they seek to represent, short of Surveyors, instead stating only that they bring this action on behalf of "any other title" who performs field inspections; (3) Plaintiffs have not provided a sufficient description of the job duties of these unnamed positions; and (4) Plaintiffs have not alleged that they and these purportedly similarly situated employees were paid in the same method–or even the manner of compensation these employees received.

In the alternative, Defendants request that Plaintiffs be required to provide specific factual allegations concerning their asserted claims.

## B. *Plaintiff's Response*

Plaintiffs explain that they filed a First Amended Complaint[17] in response to the motion to dismiss which satisfies the requirements of Rule 8 and the pleading issues raised by Defendants.

---

[14] *Id.* at p. 2.

[15] *Id.* at p. 15.

[16] *Id.* at p. 2.

[17] Rec. Doc. 19.

First, Plaintiffs reason that the amended complaint adequately addresses Mr. Caravella's status as an employer under the FLSA. Plaintiff notes that the amended complaint alleges that Mr. Caravella, as President and Owner of CGI, "act[ed] directly and indirectly in CGI's interest in relation to its employees[;]" approved changes to the Personnel Guidelines, vacation days, unpaid leave, and postings on company bulletin boards; and "was responsible for the policy or practice of not paying Inspectors overtime for hours in excess of 40 hours per week."[18] Therefore, Plaintiffs argue that the amended complaint, by alleging direct control by Mr. Caravella over the wage policy at issue, has sufficiently alleged that Mr. Carvella was Plaintiffs' employer under the FLSA.

Next, Plaintiffs emphasize that Defendants "cite a number of out-of-Circuit cases for the proposition that Plaintiffs must plead their dates of employment, a description of their duties, their rate of pay, and the approximate number of overtime hours worked, in order to state an FLSA claim."[19] According to Plaintiffs, they are not required to plead all of the information sought by Defendants to meet the notice pleading requirements of Rule 8(a). Nonetheless, Plaintiffs explain that the amended complaint pleads the dates of Plaintiffs' employment; describes their primary duty of conducting field inspections of oil, gas, and chemicals; and states that Plaintiff were paid on a salary basis.[20] While Plaintiffs recognize that they do not allege a specific number of hours of unpaid overtime, the amended complaint clearly states that "the named Plaintiff generally worked 40-60 hours per week" without any overtime pay.[21]

In response to Defendants contention that the facts do not support a claim for willfulness, Plaintiffs explain that the amended complaint alleges:

---

[18] Rec. Doc. 20 at pp. 1-3.

[19] *Id.* at p. 4.

[20] *Id.*

[21] *Id.*

5

> Plaintiffs and other similarly situated workers were hired as FLSA "non-exempt" workers, that Defendants provided Inspectors with CGI's Personnel Guidelines which specifically stated that non-exempt employees were entitled to overtime, that Defendants knew Inspectors were working more than 40 hours per week, [] that Defendants nevertheless refused to pay overtime for hours over 40[,] . . . [and] Defendants directed Plaintiffs not to keep track of all of Plaintiff's work time.[22]

Accordingly, Plaintiffs argue that these factual allegations are sufficient to render the conclusion that Defendants knew their conduct violated the FLSA plausible.[23]

Finally, contrary to Defendants assertion that there are "no facts to demonstrate that [Plaintiffs] are similarly situated to . . . employees in the other classifications [Plaintiffs] attempt to bring" into the collective action, Plaintiffs aver that the amended complaint contains allegations that clearly justify collective action treatment under 29 U.S.C. § 216(b).[24] Specifically, Plaintiffs note that the amended complaint alleges:

> (1) the existence of other workers performing the same job duties as the named plaintiffs, (2) that those workers were designated FLSA non-exempt and paid on the same salary basis that Plaintiffs were, (3) that they regularly worked overtime, and (4) that they did not receive overtime payments pursuant to the same policy or practice that resulted in the named Plaintiffs not receiving overtime payments.[25]

### III. Law and Analysis

*A. Standard on a Motion to Dismiss*

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."[26]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

---

[22] *Id.* at p. 8.

[23] *Id.* (internal citations omitted).

[24] *Id.* at p. 6.

[25] *Id.*

[26] Fed. R. Civ. P. 12(b)(6).

6

on its face.'"[27] "Factual allegations must be enough to raise a right to relief above the speculative level,"[28] and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[29] However, "[a] motion to dismiss on the basis of the pleadings alone should rarely be granted."[30]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[31] However, although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.[32] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[33] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[34] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[35] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[36] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted

---

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[28] *Twombly*, 550 U.S. at 556.

[29] *Id.* at 570.

[30] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[31] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[32] *Iqbal*, 556 U.S. 662, 677-78.

[33] *Id.* at 679.

[34] *Id.* at 678.

[35] *Id.*

[36] *Id.*

7

claims.[37]  If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[38]

*B. Applicable Law*

The FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions,[39] and the FLSA creates a private right of action for employees when these rights are violated.[40]  Pursuant to 29 U.S.C. § 216(b), the FLSA provides that employers violating certain of the FLSA's provisions may be held liable by the affected employees in the "amount of their unpaid overtime compensation."  Section 203(d) of the FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." The United States Court of Appeals for the Fifth Circuit has recognized that the "overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."[41]  Further, the Fifth Circuit has "underscored the importance of the economic realities of employment."[42]  Thus, an officer qualifies as an FLSA employer if the individual has "substantial

---

[37] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[38] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[39] 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).  The employer bears the burden of proving the applicability of an exemption.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974).

[40] 29 U.S.C. § 216(b).

[41] *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984).

[42]*Id.*

8

control of the terms and conditions of the [employee's] work."[43]

Also under Section 216(b) of the FLSA, one or more employees can pursue a collective action in a representative capacity on behalf of similarly situated employees.[44] There are two requirements to proceed as a representative action: (1) all plaintiffs must be "similarly situated;" and (2) a plaintiff must consent in writing to take part in the suit. Although the FLSA does not define "similarly situated," court have held that the plaintiffs must allege facts sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law.[45]

*C. Analysis*

Having reviewed the amended complaint and the pleading issues raised in Defendants' motion to dismiss, this Court finds that amended complaint contains sufficient allegations to defeat a motion to dismiss. First, on the issue of whether Mr. Caravella is an employer under the FLSA, the amended complaint specifically alleges that Mr. Caravella was the President and Owner of CGI and that he was responsible for approving changes to the Personnel Guidelines, approving vacation days and unpaid leave, and authorizing postings on company bulletin boards. Indeed, the amended complaint even alleges that Mr. Caravella was responsible for the policy at issue here of not paying inspectors overtime, and it is not for the Court on a motion to dismiss to determine whether Plaintiff can prove such an allegation. Instead, this Court must accept factual allegations as true. Thus, the allegations provided in the amended complaint are certainly sufficient to plausibly establish that Mr. Caravella acted directly and indirectly in CGI's interest in relation to Plaintiffs and had substantial

---

[43] *Id.* at 971-972.

[44] "An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.*

[45] *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).

9

control over the terms and conditions of Plaintiffs' work.

Plaintiffs' amended complaint also addresses Defendants' contentions that Plaintiffs' individual FLSA claims are not plead with sufficient particularity to state a claim for violations of the FLSA or that Defendants acted willfully. The amended complaint directly addresses Defendants' assertion that Plaintiffs did not provide the approximate number of unpaid regular and overtime hours worked, their rate of pay, or their method of compensation by alleging that Plaintiffs worked approximately 40 to 60 hours per week without overtime pay and were paid on a salary basis. Plaintiffs have also provided details such as their dates of employment and a description of their primary duties. In addition, the amended complaint alleges that they were hired as "non-exempt" workers, provided CGI's Personnel Guidelines stating that non-exempt workers were entitled to overtime, consistently worked more than 40 hours per week with Defendants' knowledge, were directed not to keep track of their overtime, and were not paid overtime. The Court finds that the amended complaint alleges a factual basis to plausibly support the assertion that Defendants' actions were willful and in violation of the FLSA. Accordingly, Plaintiffs individual claims and their claim for willfulness do not warrant dismissal at this stage.

Finally, the Court finds that Plaintiffs have alleged facts sufficient to demonstrate that they and other employees who primarily performed field inspections to certify oil, gas, and chemical products were victims of a common policy or plan that violated the law and therefore state a collective action claim under 29 U.S.C. § 216(b), as will be described in greater depth in the Court's Order and Reasons granting Plaintiff's Motion to Conditionally Certify FLSA Collective Action,[46] which will be issued contemporaneously with this Order. Therefore, the Court finds that the amended complaint meets the pleading requirement imposed under Rule 8 of the Federal Rules of

---

[46] Rec. Doc. 21.

Civil Procedure and cures any defects Defendants allege existed in the original complaint.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to state a Claim or, in the Alternative, Motion for More Definite Statement[47] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __2nd__ day of May, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] Rec. Doc. 17.