**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BENJAMIN WISCHNEWSKY AND SOLOMON GUEVARA, both individually and on behalf of all other similarly situated persons,** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-2277** |
| **COASTAL GULF & INTERNATIONAL, INC. and MICHAEL CARAVELLA** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Conditionally Certify FLSA Collective Action[1] filed by Plaintiffs Solomon Guevara and Benjamin Wischnewsky, individually and on behalf of all other similarly situated persons (collectively, "Plaintiffs"), wherein they move this Court to conditionally certify this action as a Fair Labor Standards Act collective action on behalf of all oil, gas and chemical surveyors and inspectors who worked for Coastal Gulf & International, Inc. and Michael Caravella (collectively, "Defendants"), at any time after September 14, 2009, who were not paid time and one-half for all hours worked over forty in a work week. At a hearing on March 1, 2013, the Court heard oral argument from counsel on the pending motion. Having considered those arguments, and having reviewed the motion, the memorandum in support, the response, the reply, and the applicable law, the Court will grant the motion to conditionally certify the collective action.

## I.  Background

### A.  Factual Background

This case involves a claim for unpaid overtime wages and damages under the Fair Labor

---

[1] Rec. Doc. 21.

Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA" or the "Act").   Plaintiffs allege that Defendants "have employed individuals in locations in Louisiana, Mississippi, and Texas to perform field inspections to certify oil, gas and chemical products," over the past three years.[2]   According to Plaintiffs, these individuals are referred to as both "inspectors" and "surveyors," but regardless of the job title, they are responsible for monitoring and documenting the condition and transfer of oil, gas and chemical products in the course of commerce.[3]   The named plaintiffs, Benjamin Wischnewsky and Solomon Guevara, allege that they were given written employment offers indicating that they were being hired as non-exempt workers and were given a copy of CGI's Personnel Guidelines, stating that CGI "pays all hourly and non-exempt employees one and one-half times their regular hourly rate of pay for each hour actually worked in excess of forty (40) hours per workweek," but they were "specifically told at the time they were hired that Defendants did not pay overtime to Inspectors."[4]   Defendants allegedly required Wischnewsky and Guevara to be on call twenty-four hours a day for six consecutive days a week, with three days off, but they were routinely requested to work in excess of forty hours per week without overtime pay as a matter of company practice or policy.[5]

**B.  Procedural Background**

        Plaintiffs commenced this putative collective action against Defendants on September 14,

---

[2] Rec. Doc. 21-1 at p. 6.

[3] *Id.*

[4] *Id.* at pp. 7-8.

[5] *Id.* at p. 8.

2012, seeking overtime compensation, liquidated damages, attorney's fees, and costs associated with the litigation under the FLSA, 29 U.S.C. § 201, *et seq.*[6]  On November 9, 2012, Plaintiffs filed a Motion to Conditionally Certify FLSA Collective Action.[7]  Defendants timely filed a response to the motion on December 11, 2012.[8]  The Court permitted Plaintiffs to file a reply in support of the motion for certification on December 18, 2012.[9]  Oral argument was held on the Motion to Conditionally Certify a FLSA Collective Action on March 1, 2013.[10]

## II.  Parties' Arguments

Here, Plaintiffs seek to conditionally certify the following class under the FLSA:

> all oil, gas and chemical surveyors and inspectors who worked for Coastal Gulf & International, Inc. and Michael Caravella . . . at any time between September 14, 2009 and the present and who were not paid time and one-half for all hours worked over forty in a workweek.[11]

Plaintiffs contend that Defendants employed all putative collective action members as oil, gas and chemical inspectors, and that they all performed the same kind of work of monitoring and documenting the condition and transfer of oil, gas and chemical products in the course of commerce.[12]  Plaintiffs argue that all putative plaintiffs "were subject to Defendants' policy or practice of not paying overtime for hours worked in excess of forty hours per week, despite their

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 21.

[8] Rec. Doc. 32.

[9] Rec. Doc. 37.

[10] Rec. Doc. 46.

[11] Rec. Doc. 21-1 at p. 6.

[12] *Id.* at p. 12.

3

designation as non-exempt surveyors, and Defendants' written policy of paying non-exempt employees overtime," and therefore, are "similarly situated."[13]  In support of their motion, Plaintiffs provide the declarations of three individuals employed at the Pasadena, Texas location of CGI, and Plaintiffs further note that a "large number of similar cases brought by oil, gas and chemical inspectors to challenge employer policies against paying overtime [ ] have been certified as collective actions."[14]

Defendants oppose the motion to conditionally certify the collective action, because they claim that Plaintiffs have not met their "burden of establishing that they and each member of the proposed collective action group are similarly situated."[15]  Defendants further emphasize that "[c]ertification is by no means automatic."[16]

According to Defendants, Plaintiffs are not similarly situated to each other or the putative collective action group for five reasons. First, Defendants argue that differences exist among Plaintiffs regarding whether they worked more than forty hours in a work week.  Defendants explain that "based on Plaintiffs' own definition of the putative collective action members," each individual in the class must have regularly worked more than 40 hours in a workweek in order to be "similarly situated."[17]  However, Defendants submit twenty-four declarations from inspectors stating that they never worked more than forty hours in a workweek during their employment with CGI; therefore,

---

[13] *Id.*

[14] *Id.* at pp. 12-13 (citing five district court cases where oil, gas, and chemical inspectors were successful in certifying a collective action).

[15] Rec. Doc. 32 at p. 8 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).

[16] *Id.* (quoting *Clay v. Huntington Ingalls Inc.*, No. 09-7625, 2011 U.S. Dist. LEXIS 155351, *37 (E.D. La. Sept. 29, 2011) (Zainey, J.)).

[17] *Id.* at p. 13.

Defendants contend that clearly not all surveyors or inspectors worked more than forty hours in a workweek.

Second, Defendants note that Plaintiffs have only submitted declarations from three employees working at the facility in Pasadena, Texas; whereas, Defendants declarations are from inspectors employed at six facilities.[18]  Thus, Defendants contend that Plaintiffs have failed to meet the burden to establish that the putative class members are similarly situated, because Plaintiffs must show that there are no "factual variances between the different locations" operated by CGI.[19]

Third, Defendants argue that Plaintiffs fail to establish a common practice or policy of not paying overtime.  Defendants compare the claims of the five inspectors who have already opted-in to the action with the twenty-four declarations submitted by CGI's employees indicating that they do not work more than forty hours in a workweek.  Based on this comparison, Defendants contend that Plaintiffs are not similarly situated, because "five times as many inspectors have stated that . . . they did not work more than forty hours in a workweek."[20]

Fourth, Defendants aver that one or more of the named Plaintiffs and potential collective action members were exempt from the overtime provisions of the FLSA pursuant to the executive and administrative exemptions set forth in 29 U.S.C. § 213(a)(1).  Defendants claim that determining which plaintiffs these exemptions apply to is a highly individualized determination, which makes certification on a collective basis inappropriate.[21]   Fifth, and finally, Defendants assert that this matter should not proceed on a collective basis because determining damages will require a case-by-

---

[18] *Id.* at p. 15.

[19] *Id.*

[20] *Id.* at pp. 15-16.

[21] *Id.* at p. 18.

case analysis.[22]

At oral argument and in Plaintiffs' reply, they emphasize that the only issue addressed at the conditional certification stage is whether Defendants have a uniform policy of not paying overtime to inspectors.[23]  Plaintiffs explain that Defendants do not deny the existence of a uniform policy, but instead rely on declarations of inspectors who claim not to have worked more than forty hours in a work week; however, Plaintiffs maintain that an inquiry into whether inspectors actually worked more than forty hours per week is inappropriate at the conditional certification stage of the case.[24] Moreover, Plaintiffs assert that the twenty-four declarations submitted in support of Defendants' opposition actually confirm Plaintiffs' allegations that all inspectors were doing the same job and that Defendants routinely do not keep track of all work time, including time traveling between jobs, delivering samples to CGI, or delivering or faxing paperwork to CGI, which provides evidence that Defendants did not intend to pay overtime if such time was not accurately recorded.[25]  Also at oral argument, Plaintiffs apprised the Court of a purportedly similar case in another section of this Court, *Ndita v. American Cargo Assurance, LLC,*[26] wherein Judge Fallon granted conditional certification of a collective action on behalf of employees of the defendants who performed field inspections and certified petroleum products at various locations in Louisiana and Texas.[27]

---

[22] *Id.* at p. 19.

[23] Rec. Doc. 37 at p. 3.

[24] *Id.* at pp. 4-6.

[25] *Id.* at pp. 4-5.

[26] Civ. Action No. 12-2177, Rec. Doc. 47 (E.D. La. Feb. 25, 2013) (Fallon, J.).

[27] *Id.* at p. 1.

### III.  Law and Analysis

#### A.  Applicable Law

The FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions.[28]   The Act also creates a private right of action for employees when these rights are violated.[29]  Under Section 216(b) of the FLSA, one or more employees can pursue a collective action in a representative capacity on behalf of similarly situated employees.[30]  There are two requirements to proceed as a representative action: (1) all plaintiffs must be "similarly situated;"and (2) a plaintiff must consent in writing to take part in the suit. This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure.[31]  However, the FLSA does not define the requirements for employees to be deemed "similarly situated."  Instead, a two-step method is routinely utilized, which was originally articulated in *Lusardi v. Xerox Corporation,*[32] and described in detail by the Fifth Circuit in *Mooney v. Aramco Services, Co.*[33]

Under this approach, a court first determines at the "notice stage" whether notice should be given to potential members of the collective action, and this determination is usually made on the

---

[28]  29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).  The employer bears the burden of proving the applicability of an exemption.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974).

[29]  29 U.S.C. § 216(b).

[30]  "An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  *Id.*

[31]  *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[32]  118 F.R.D. 351 (D.N.J. 1987).

[33]  54 F.3d at 1213-14.

basis of "only . . . the pleadings and any affidavits."[34]  Because the court typically has little evidence at this stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[35]  Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.[36]  Only those employees who affirmatively "opt-in" to the suit are bound by a collective action under 29 U.S.C. § 216(b).[37]  Upon a showing that the employees are "similarly situated," the district court has the discretion to grant certification"[38] and the "discretion to implement the representative action procedure by facilitating notice to potential plaintiffs of their right to opt-into the action."[39]

If conditional certification is granted, the case then proceeds through discovery as a collective action to the "merits stage," at which time Defendants may move for decertification.[40]  At that time, a more stringent approach governs and *Lusardi* applies a three-factor test, considering: (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individualized; and (3) fairness and procedural considerations.[41]  Generally, the matter is less appropriate for certification when plaintiffs' job

---

[34] *See id.*

[35] *Id.* at 1214.

[36] *Id*.

[37] "[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

[38] *Lang v. DirecTV, Inc.*, 10-1085, 2011 WL 6934607, at *4 (E.D. La. Dec. 30, 2011) (Brown, J.).

[39] *See Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

[40] *Mooney*, 54 F.3d at 1214.

[41] *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008), quoting *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 573 (E.D. La. 2008) (conditional certification the majority approach).

experiences are more dissimilar and when the employers' defenses are more individualized. Although the Fifth Circuit has not specifically endorsed decertification in this manner, this two-step approach remains more common, and the Fifth Circuit has affirmed a district court's decertification decision based on the use of the *Lusardi* approach.[42]

The more lenient *Lusardi* approach is not the only recognized method for conditional collective action certification,[43] although it is the more common approach and routinely used by courts in this District.[44]  Moreover, this approach "is consistent with the Fifth Circuit's statements that there is a fundamental, irreconcilable difference between the class action described by Rule 23, Fed. R. Civ. P., and the collective action provided by the FLSA."[45]  Accordingly, this Court will apply the *Lusardi* approach in determining whether this case is appropriate for collective treatement.

## B.  Analysis

Application of the *Lusardi* standard does not mean that Plaintiffs automatically prevail on

---

[42] *Mooney*, 54 F.3d at 1215-16.

[43] In *Mooney*, the Fifth Circuit also discussed a second methodology referred to at the "*Shushan*" or "spurious class action" approach, in which the court conducts an inquiry similar to that outlined in Federal Rule of Civil Procedure 23. *See Mooney*, 54 F.3d at 1214 (citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990)).  *Mooney* did not state which of the two procedures is the proper approach, although the "two stage" *Lusardi* approach is more commonly used by district courts.  The *Shusan* approach has been described as "more stringent" than the "two stage" approach. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 670 (N.D. Tex. 2007).  Under the *Shushan* analysis, plaintiffs must prove the existence of a definable, manageable class, and that plaintiffs are proper representatives of the class.  This requires plaintiffs to provide individualized proof that the claims of every single opt-in plaintiff can be presented to a jury with some measure of efficiency.  *Shushan*, 132 F.R.D. at 268.

[44] *See, e.g., Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 U.S. Dist. LEXIS 48525 (E.D. La. June 25, 2008); *Johnson*, 561 F. Supp. 2d at 569; *Basco v. Wal-Mart Stores*, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004).  *See also* 7B C. Wright & A. Miller, Federal Practice & Procedure § 1807 (3d ed. 2002) (stating that "most courts in collective actions follow a two-stage certification process").

[45] *Smith v. Servicemaster Holding Corp.*, No. 10-444, 2011 WL 4591088 (M.D. La. Sept. 30, 2011) (noting the important difference between opt-in and opt-out class actions) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)).

the conditional certification issue. Plaintiffs must still meet their burden of demonstrating a reasonable basis for believing that aggrieved individuals exist, that those aggrieved individuals are similarly situated to Plaintiffs, and that those individuals desire to opt-in to this lawsuit.[46]

Here, Plaintiffs rely on the allegations contained in the First Amended Complaint,[47] as well as the declarations of three former employees of Defendants–Wichsnewsky, Guevara, and an opt-in plaintiff, Alvaro Martinez[48]–to establish that Plaintiffs are "similarly situated," and thereby entitled to conditional certification of this action "on behalf of all oil, gas and chemical surveyors and inspectors who worked for [Defendants], at any time after September 14, 2009, who were not paid time and one-half for all hours worked over forty in a work week."[49]  The declarations submitted by Plaintiffs demonstrate that Plaintiffs were hired as non-exempt workers, given a copy of CGI's Personnel Guidelines, stating that CGI pays overtime to non-exempt employees, were "specifically told at the time they were hired that Defendants did not pay overtime to Inspectors,"[50] and regularly worked in excess of forty hours per week.[51]   Given the lenient standard at the notice stage, the evidence indicates that Wichsnewsky, Guevara, Martinez, and other individuals whom they seek to include within the class, are "similarly situated" with respect to the Defendants' pay provisions so as to justify conditional certification and notice to potential collective action members, because they were all subject to Defendants' uniform policy of not paying overtime to inspectors who worked in

---

[46] *Morales v. Thang Hung Corp.*, 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex., Aug. 14, 2009).

[47] Rec. Doc. 19.

[48] Rec. Doc. 21 at Exs. 2-4.

[49] Rec. Doc. 21 at p. 1.

[50] *Id.* at pp. 7-8.

[51] *Id.* at p. 8.

10

excess of forty hours per week.

This Court is certainly mindful of the manageability concerns expressed in earlier cases from other sections of this Court, such as *Basco v. Wal-Mart Stores, Inc.*[52] and *Clay v. Huntington Ingalls, Inc.*[53]  The Court also notes Defendants' evidence that CGI inspectors did not all work more than forty hours per week, worked at locations other than the Pasadena, Texas location, and may have been exempt from the FLSA provisions requiring overtime pay.  But, this evidence does not negate the fact that Plaintiffs have met their lenient burden at this stage to establish that CGI had a uniform policy of not paying overtime to inspectors that worked more than forty hours per week.  Therefore, the Court finds that the concerns raised by Defendants and those regarding manageability are more appropriately addressed, if justified, upon a motion to decertify the collective action at step two of the *Lusardi* analysis.

The Court also finds that Plaintiffs have met their burden at this stage to demonstrate that "aggrieved individuals"[54] wish to opt-in to this lawsuit, as five individuals have already opted-in.  At this stage, before notice has been issued, the five individuals that have already opted-in, along with the named plaintiffs' declarations that they understood other inspectors and surveyors to have been subject to the same employment situation, sufficiently establish that individuals wish to participate in this collective action.  Accordingly, the two-prong requirement of *Lusardi* is met here.

## IV.  Conclusion

---

[52] No. Civ. A. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004).

[53] 2011 U.S. Dist. LEXIS 155351, at **16-37.

[54] *Morales*, 2009 WL 2524601, at *2.

11

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify FLSA Collective Action[55] is **GRANTED**;

**IT IS FURTHER ORDERED** that the parties shall meet and discuss the proposed notice within ten days of the date this order is signed;

**IT IS FURTHER ORDERED** that the parties shall submit the proposed notice, with any objections, to the Court within fifteen days of the date this order is signed.

**NEW ORLEANS, LOUISIANA,** this  _2nd_  day of May, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[55] Rec. Doc. 21.

12